State of Louisiana vs. Cox.

No. 993.

THE STATE OF LOUISIANA VS. S. L. COX.

The Record showing that the District Attorney, *with leave of the court*, filed the indictment, etc., the legal presumption is that the leave of court was first obtained.

The Record showing that the accused was in court when his trial commenced, the burden of proof is on him to establish that he was not present at the rendering of the verdict, if such were the fact.

It is competent for the District Court to have its Minutes corrected *nunc pro tunc*, before they are approved, to show the proceedings as they really and truly took place.

APPEAL from the Tenth Judicial District Court, parish of Red River. *Logan*, J.

*J. H. Pierson* for Defendant and Appellant.

*W. P. Hall*, District Attorney, for the State, Appellee.

The opinion of the Court was delivered by

LEVY, J.   S. L. Cox was tried on an information charging him with the offence of "feloniously wounding a hog, with the intent to feloniously steal, take and carry away said hog," convicted by a jury and sentenced to two years' imprisonment, at hard labor, in the State penitentiary and a fine of one dollar, from which sentence and judgment thereon he has appealed.

The grounds upon which the accused seeks a reversal of this judgment are embodied in the assignment of errors filed in this Court, viz :

1st. That, the information was filed without leave of the Court first obtained.

2d. That the accused was not present in Court when the verdict was rendered against him.

3rd. That the lower court erred in ordering the correction of minutes after the order of appeal had been entered, having divested itself of jurisdiction after perfection of appeal.

4th. That such correction was made *ex parte*, without giving the appellant an opportunity to show that the original minutes were correct and required no correction.

1st. The minutes contain the following entry:  "And now comes the district attorney into open court, in proper person, and, with leave of the court, files the following bills," etc.   We think the fair and reasonable interpretation of this is, that the leave of the court was first obtained.   It is a well settled rule of practice that no document can be filed in open court without the consent of the court.   Here, the leave or consent of the court was had, and the objection is one to mere phraseology of the entry, and has no weight, being a mere verbal criticism.

2d. The second shows that, on the 5th of May, 1881, "accused in open court, the trial was proceeded with in all respects according to

law. The jury being duly charged, retired, and after due deliberation, returned into open court * * * the following verdict." This entry of itself was sufficient, and the objection urged by accused must fall.

In State vs. Collins and Kinney, 33 An. 152, we held: "The record does not show that any interval elapsed during the time of the trial and the reading of the verdict. The presumption is, that the prisoners were continually present from the beginning to the end. Where the presumption of their presence exists, and the fact of their absence, without waiver, can be established, the burden is upon them to rebut the presumption." 33 Ills. 276 ; Hill vs. State, 17 Wis. 675.

3d and 4th. There was no error in the correction of the minutes (unnecessary as such correction was, as affecting the validity of the proceedings). The order for appeal, it is true, had been granted, but the order had not been signed, nor the minutes of the court approved. The order was not perfected and final until that had been done, and it was competent for the court to correct its minutes *nunc pro tunc*, in order to show the proceedings as they had really and truly taken place. State vs. Onmacht, 10 An. 198 ; State vs. Corby Mason, 32 An. 1018.

The information was properly filed, the proceedings on the trial were properly had and conducted, the sentence and judgment were properly rendered, and should not be disturbed.

The sentence and judgment appealed from are, therefore, affirmed.