No. 13,272.

STATE OF LOUISIANA VS. KIT STARR AND MAMIE STARR, NEE COULEY.

SYLLABUS.

1.  The fact that the minutes of court do not show the grand jury, which returned the indictment, was charged, is not reversible error.
2.  After trial and conviction, it is too late to object that one of the jury commissioners was not eligible, or had not qualified.
3.  Under the Jury Act of 1898, the clerk of court is *ex-officio* a member of the

jury commission. Being such, not necessary for him to take the oath prescribed for the jury commissioners appointed by the District Judge.

4. The minutes of court showing 'the return of bills of indictment and their presentation to the court *before* the discharge of the grand jury, it is wholly immaterial that the clerk entered the fact that the judge had directed the discharge of the jury before he entered the title of the cases against those indicted.

5. The trial of a criminal cause begun, proceeded with and concluded in one day, is viewed as a continuous whole, and the presence of the accused *being affirmatively shown at the beginning,* is presumed to have continued throughout the day.

6. If it were otherwise, the fact should have been distinctly averred, in which event the case would have been remanded—the verdict and sentence meanwhile maintained—to test the question thus raised.

7. And in a capital case like the present one, if on application for rehearing it be stated under oath of the accused, or his counsel, that the former were not present in court when the verdict was rendered, judgment will be suspended and trial of that issue of fact contradictorily with the State in the court *a qua,* on motion to correct the record to show the true facts, will be ordered.

APPEAL from the Fourteenth Judicial District, Parish of West Baton Rouge—*Talbot, J.*

*M. J. Cunningham,* Attorney General, and *Alex Hebert,* District Attorney, for Plaintiff, Appellee.

*Clarence S. Hebert* for Defendants, Appellants.

The opinion of the court was delivered by

BLANCHARD, J. The defendants, husband and wife, were jointly indicted for the murder of H. N. Ackerman. The husband was found guilty as charged and sentenced to death. The wife was found guilty of murder without capital punishment and sentenced to hard labor for life.

Both appeal.

In an assignment of errors, alleged to be patent on the face of the record, several grounds for reversal are set up.

It is averred that the minutes of court do not show the grand jury was charged.

This is not reversible error and so conceded in the brief of counsel for the accused.

It is averred that the court erred in overruling the motion to quash the indictment.

This motion to quash was filed some seven or eight days after trial and conviction. A bill of exceptions was reserved to the action of the court thereon. The grounds of the motion were that there was no legal jury commission in the parish of West Baton Rouge, and that in consequence no legal indictment could be found against the accused. It appears that A. D. Barrow, one of the jury commissioners, had not qualified by taking the oath.

It is admitted that all the other members of the commission had qualified, including the clerk of court. Not counting Barrow, a quorum of the commissioners (four members and the clerk of court) participated in the drawing of the jury. Barrow held the position of secretary of the Atchafalaya Levee Board and this is cited as showing his inability to serve also in the office of jury commissioner. It is stated in the bill of exceptions that the clerk of the court administered the oath as jury commissioner to himself. We do not, however, find anything to this effect in the evidence taken on the trial of the motion, which evidence appears in the record.

Even conceding *arguendo* that there is force in the challenge of the jury commission, the motion to quash the indictment on such grounds comes too late. Section 16 of Act No. 135 of the Acts of 1898 declares that all objections to the manner of selecting or drawing the jury, or *to any defect or irregularity which may be pleadable against any array or venire,* must be urged before entering on the trial of the case. Otherwise all objections shall be considered waived.

It plainly appears from Section 3 of Act 135 of 1898 that the clerk of court is *ex officio* a member of the jury commission. He is not appointed as such by the judge, and it is only the five members *appointed by the judge* that are required by Section 3 aforesaid to take the oath referred to in that section. In other words, if the clerk of court is a member of the jury commission of his parish in virtue of the fact that he is clerk, and such is the declaration of the statute, then it is not necessary for him to take the oath required of those who are appointed on the commission by the judge.

It is averred that the minutes of the court do not show the indictment in the case was returned and filed by the grand jury impanelled by the court on the first day of the term.

We find the minutes of the trial to show that at a regular term of the court holden in and for the parish of West Baton Rouge, the judge appointed W. C. Germany foreman of the grand jury, and that eleven

other persons, whose names are given, were duly chosen and, with said Germany, constituted the grand jury; that they entered upon the work assigned to them; that the court then adjourned to a day fixed; that on that day the court reconvened and the grand jury appeared in court, answered to their names, and submitted their report which was signed "W. C. Germany, Foreman"; that the court then ordered the indictments, as thus reported, to be filed and the grand jury discharged subject to the order of the court; that one of the indictments thus reported and filed, was entitled "State of Louisiana vs. Kit Starr and Mamie Starr, nee Couley—No. 1151—Indictment for Murder—A True Bill—W. C. Germany, Foreman"; and that thereupon Kit Starr and Mamie Starr, both being present in court, were arraigned and each pleaded "not guilty", asked for trial by jury, were each ordered served with a copy of the indictment and the *venire,* and the case set for trial for September 15, 1899.

All this appears on the minutes of the court under date of September 5, 1899.

From this we can not conclude otherwise than the minutes of the court *do show* that the indictment against the accused was returned into court and presented by the same grand jury organized on the first day of the term. This return of the bills of indictment and their presentation to the court occurred *before* the judge ordered the grand jury discharged. This fact appears from the minutes and it is wholly immaterial that the clerk entered upon his minutes the fact that the judge had directed the discharge of the grand jury before he entered the title of the cases against those indicted. Immediately following the entry of the order for discharge appears the entry of the indictment against the accused in proper caption and signed officially by the man appointed foreman of the jury which had been organized as a grand inquest on the first day of the term. This quite fulfills the legal requirement. State vs. Onnmacht, 10 La. Ann. 198.

It is averred that the minutes of the court do not show affirmatively or inferentially that the accused were present in court when the verdict was returned.

Under date of September 15th, 1899, we find this recital on the minutes:—"State of Louisiana vs. Kit Starr and Mamie Starr, nee Couley—No. 1151—Indictment for Murder—This case was this day taken up, as per previous assignment, both of the accused being pres-

ent in court, when the following persons were duly impanelled and sworn to act as jurors, to-wit":—etc.

Then follows the names of the twelve jurors. Then is added:— "When after introduction of evidence, argument of counsel and charge of the court, the jury retired to their room to consider their verdict. On coming into court, they returned the following written verdict:—Kit Starr 'guilty'; Mamie Starr 'guilty without capital punishment'—sgd. A. J. Sharf, Foreman."

Then appears the further entry:—"Court then adjourned to Saturday, September 16th, at 10 o'clock, A. M."

The contention is this does not show the presence of the accused when the verdict was rendered. It is claimed that the entry should affirmatively *mention* that the accused were present at the moment the verdict was returned, and that even the presumption of their presence is negatived by the circumstance that when the court adjourned after receiving the verdict, it is not stated the prisoners were remanded to jail. It is said that this order to remand should have been made had they been in court.

In State vs. Collins and Kinney, 33 La. Ann. 153, the accused assigned as error that it did not appear from the record they were present in court during the trial of the cause, nor at the rendering of the verdict. The court said:—"It (the record) further shows expressly that they were present in court during the trial, which was proceeded with; that the jury was formed and empanelled to try the accused; that after hearing the evidence, argument of counsel, and charge from the court, the jury retired to consider the verdict, and, after a *short time*, returned into court with a verdict of guilty, as charged in the indictment—the whole on the same day. The record does not show that any interval elapsed during the time of the trial and the returning of the verdict. The presumption is that the prisoners were continually present from the beginning to the end."

In State vs. Cox, 33 La. Ann. 1056, it was assigned as error that the accused was not present in court when the verdict was rendered against him. The court held, the record showing that the accused was in court when his trial commenced, the burden of proof is on him to establish that he was not present at the rendering of the verdict, if such were the fact.

In State vs. White, 37 La. Ann. 172, it was said:—"The minutes show that the accused was brought to the bar to be tried, that a jury

was empanelled, evidence and arguments heard, the charge given, that the jury retired, returned into court and delivered their verdict—all without interruption and at a single sitting. The continued presence of the accused is presumed."

In State vs. Price, 37 La. Ann. 215, it was held that "when the trial occupied but one day and was continuous and uninterrupted, one mention of the prisoner's presence in court is enough."

In the case at bar the trial was begun, proceeded with and concluded with a verdict of guilty—all in one day.

No where in the minutes does it appear that the court took even a recess, or that the jury was out long considering their verdict.

In defendants' motion to quash, filed after conviction, it is recited that the trial consumed all the time from 10 o'clock in the morning until 10 o'clock at night, with the exception of a recess from 2 o'clock to half past three o'clock, which time was taken for dinner, and the time occupied by the jury at night, say two hours, in deliberating on their verdict.

His counsel contends that since to his bill of exceptions taken to the action of the court denying the motion to quash, the motion itself was annexed as part thereof, its recitals of fact are to be taken as part of the record, and thus it is shown that the trial was not continuous and uninterrupted, and this being so, it was essential to the validity of the verdict that the minutes of the court should show the presence of the accused in court at the time the verdict was rendered.

It is not stated as a fact that the accused were not present at the time.

If we were to consider it properly shown by the record that a recess for dinner was taken, and that the jury were out two hours after the case were given them, it would not suffice to reverse the verdict.

The recess of the court was not an adjournment. The court was still in session, and so it was in session while the jury were out deliberating.

The fact of the recess and that of the time taken in reaching a verdict, do not take the case out of the rule laid down in the authorities hereinbefore cited and quoted.

The trial must be viewed as one continuous whole—commenced and concluded in one day—and the presence of the accused being affirmatively shown at the beginning, is presumed to have continued throughout the day.

If it were otherwise the fact should have been distinctly averred, in which event we would remand the case—the verdict and sentence meanwhile maintained—to test the question thus raised. And should it appear then that the accused had not been present in court when the verdict was returned, reversal of the verdict and sentence would follow.

Even now, since this is a capital case, while constrained to hold against the accused, if in an application for rehearing it be stated under oath of the accused, or their counsel, that they were not present when the verdict was rendered, we will suspend the judgment and direct the trial of that issue of fact contradictorily with the State in the court *a qua,* on a motion to correct the record to show the true facts.

Judgment affirmed.

Rehearing refused.