No. 14,335.

STATE OF LOUISIANA VS. ZENON GUY ET ALS.

107   573
f124    83
124   617

SYLLABUS.

1.  A bill of exceptions, in that part of it where the trial judge gives the reasons for his ruling, did not deny the previous statement of the bill that a witness, called in rebuttal by the State, was permitted to impeach a witness for the defense by giving evidence that defendant's witness had, on a previous trial, testified differently from what the State, in the instant trial, admitted he would swear to were he present—*Held,* that since the bill is signed by the judge, and since that part of it which he wrote does not deny the specific averment, it must be accepted as true and effect given to it.

2.  Where the State admits, under Act 84 of 1894, for the purpose of avoiding a

continuance, that an absent witness would, if present, testify to certain mate-
rial facts, proof of counter-declarations made by the witness on another occa
sion will not be received in evidence. To admit the same would be in viola-
tion of the rule requiring a foundation to be laid before introducing the im-
peaching evidence.

A PPEAL from the Sixteenth Judicial District, Parish of St. Lan-
dry—*Lewis, J.*

*Walter Guion,* Attorney General, and *R. Lee Garland,* District At-
torney (*Lewis Guion,* of Counsel), for Plaintiff, Appellee.

*Veazie & Pavy,* for Defendant, Appellant.

The opinion of the court was delivered by

BLANCHARD, J. A bill of information was filed against Zenon Guy
and several other parties, charging them with the larceny of three hogs.
Guy was brought to trial and convicted. From a sentence of twelve
months' imprisonment at hard labor, he appeals.

When the case was called for trial he applied for a continuance on
the ground of the absence of certain witnesses, who had been subpœnaed
on his behalf.

He was required to make a legal showing for continuance. This he
did under affidavit. He set forth he expected to prove by J. E. Miller,
an absent witness, that the hogs alleged to have been stolen were seen
after the day upon which he (the accused) is charged to have stolen
them, and that they were at the time ranging in the woods with the
hogs of another party whose name is given.

The District Attorney, thereupon, admitted that if the witness Miller
was present he would testify to the fact set forth in the affidavit. Act
84 of 1894.

On this, the trial Judge overruled the motion for continuance and
proceeded with the trial.

The accused, in placing his evidence before the jury, read to them
the affidavit for continuance as containing the evidence Miller would
give if present, and the court instructed the jury that, under the ad-
mission of the State, they (the jury) were to receive and consider the
evidence the same as though it had been given by Miller on the stand
as a witness.

In rebuttal, the State offered a witness to prove, as the bill of excep-

tions recites, that on a previous trial of the case Miller had testified the hogs he had seen ranging in the woods were three other hogs belonging to the prosecuting witness, and not the three hogs forming the subjec: of the larceny.

The defense objected to this testimony on the ground that no foundation had been laid for proof of contradictory statements of the witness Miller.

The objection was overruled, the court holding it was competent for the prosecution to show that the testimony of the absent witness referred to other hogs and not to those alleged to have been stolen; that the witness was called to show that the hogs said to have been seen by Miller were not the hogs in question.

But the bill of exceptions, in that part of it where the Judge gives the reasons for his ruling, does not deny the previous statement of the bill that the witness, called in rebuttal by the State, was permitted to impeach Miller and to give evidence that he (Miller) on the previous trial had testified differently from what the State, in the instant trial, admitted he would swear to were he present.

Since the bill is signed by the Judge and since that part of it he wrote does not deny this specific averment, we must conclude the State's witness *was* permitted to testify that Miller, on the previous trial, had made statements contradictory to that put in his mouth by the affidavit for continuance.

This being so, the ruling of the trial Judge is reversible error.

Under the admission of the State, Miller is to be considered, for the purpose of the trial, as having been a witness placed on the stand by the defense, and that he testified the hogs *alleged to have been stolen* were seen by him after the day upon which the offense was laid, and that the very hogs so alleged to have been stolen were the ones he saw roaming in the woods.

It could not legally be shown by the State that he had made, at another time, a statement contradictory of this, without such time and occasion, place and circumstance, together with the statement, having been called to his attention, and he had been given the opportunity to explain.

So, too, where an attempt is made to impeach a witness by the showing of contradictory statements made by him in testimony given on a former occasion, the attention of the witness must be specially called to the passages in his previous testimony constituting the contradiction,

and he must be accorded the opportunity to explain, qualify, admit, or deny before the impeaching evidence is receivable.

It was, of course, competent for the State to show that the hogs Miller had seen and about which he had testified on the previous trial were different hogs from those stolen, but it was not competent to show that, while he *now testified,* or was put in the position of testifying, he had seen the very hogs alleged to have been stolen roaming in the woods subsequent to the theft, he had, on the previous occasion, testified the hogs he had thus seen were different hogs.

The State could show by competent evidence he was mistaken as to the identity of the hogs, but the State could not, without the proper foundation laid, show that while he now identified the hogs in the woods as those averred to have been stolen, he then declared they were a different lot of hogs.

See Am. & Eng. Ency. of Law, 1st ed., Vol. 29, p. 788 and notes.

Let the verdict herein be set aside, the judgment appealed from be reversed, and let the case be remanded to be proceeded with according to law.

Rehearing refused.