(47 South. 599.)

No. 17,297.

STATE v. DANIELS et al.

(Nov. 16, 1908.)

1. CRIMINAL LAW (§ 627*)—TRIAL—SERVICE OF COPY OF INDICTMENT—VARIANCE.

An accused, charged with the burglary of a "box car," was served with a copy of the information in which the word "car" was omitted. Held, that the variance was material, and could not be cured by reference to an indorsement forming no part of the information, and that the case should have been continued for proper service, as prayed for by the accused.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1403; Dec. Dig. § 627.*]

2. CRIMINAL LAW (§ 665*)—TRIAL—SEPARATION OF WITNESSES.

The granting or refusing of a motion for the separation or sequestration of witnesses is within the sound discretion of the trial judge.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1549; Dec. Dig. § 665.*]

3. BURGLARY (§ 28*)—INDICTMENT—ISSUES—DATE OF CRIME.

In cases of burglary, the exact date of the offense is not material, and so an approximate date may be proven.

[Ed. Note.—For other cases, see Burglary, Cent. Dig. § 70; Dec. Dig. § 28.*]

4. CRIMINAL LAW (§ 1144*) — TRIAL — PRESENCE OF ACCUSED.

Where the trial commenced and was concluded on the same day, the presence of the accused, being affirmatively shown at the beginning, will be presumed to have continued until the end.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2765; Dec. Dig. § 1144.*]

(Syllabus by the Court.)

Appeal from Twenty-First Judicial District Court, Parish of West Baton Rouge; Calvin Kendrick Schwing, Judge.

James Daniels and others were convicted of burglary, and Will Daniels and Lee Hudson appeal. Affirmed as to Daniels, and reversed as to Hudson.

John Howell Pugh, for appellants. Walter Guion, Atty. Gen., and Albin Provosty, Dist. Atty. (Ruffin Golson Pleasant, of counsel), for the State.

LAND, J. James Daniels, Will Daniels, and Lee Hudson were tried, convicted, and sentenced to imprisonment in the state penitentiary for 10 years for breaking and entering a box car with intent to steal. Will Daniels and Lee Hudson have appealed.

1. Lee Hudson moved for a continuance on the ground that he had not been served with a true copy of the information, as required by section 992 of the Revised Statutes of the

state. According to the copy served, the accused was charged with breaking and entering a "box" belonging to the Texas & Pacific Railway. The indorsement on the back of the copy served read "box car." This indorsement formed no part of the information. State v. De Hart, 109 La. 577, 33 South. 605.

The accused was entitled to have a true copy of the information served on him two entire days before going to trial. State v. Finn, 43 La. Ann. 895, 9 South. 498, and authorities there cited. In that case the variance was in the name of the person alleged to have been murdered. In this case the variance is in the nature of the offense charged. Article 10 of our Constitution reads:

"In all criminal prosecutions, the accused shall be informed of the nature and cause of the accusation against him."

In the graver felonies the Legislature has provided that this notice shall be given by service of a copy of the indictment or information. Rev. St. 1870, § 992. Notice from any other source will not suffice. The continuance should have been granted as prayed for.

2. The motion for a severance, made by Lee Hudson, need not be considered.

3. The denial of defendants' motion for a separation of the witnesses is not assignable as error, as the granting or refusing of an order for the sequestration of witnesses is within the sound discretion of the trial judge. There is nothing in the bill to show an abuse of such discretion.

4. The information charged that the offense was committed "on or about the 24th day of August, 1908." Evidence was properly admitted to prove that the crime was committed on August 20, 1908. The exact date of the offense was not material; time not being of the essence of the offense charged.

5. The motion for a new trial is based on the bills already considered and on the further ground that the verdict was contrary to the law and the evidence. The motion should have been granted as to Lee Hudson for the reasons already stated. It was properly refused as to Willie Daniels.

6. The motion in arrest is based on the averment that the minutes and the records fail to show that the accused, Lee Hudson and Willie Daniels, were present in court when the verdict was received. There is no averment that they were absent at the time.

The minutes of September 4, 1908, show that on that day, the accused being present in open court, the case was taken up, a jury duly impaneled and sworn, evidence adduced, argument made, the jury charged, which retired to consider the verdict, and on coming into court they returned a verdict of guilty as charged, signed by the foreman. The trial of a criminal case, begun, proceeded with, and concluded on the same day, is viewed as a continuous whole, and the presence of the accused, being affirmatively shown at the beginning, is presumed to have continued throughout the day. State v. Starr, 52 La. Ann. 610, 26 South. 998, and authorities there cited.

It is therefore ordered that the verdict and sentence be affirmed as to the defendant Willie Daniels; and it is further ordered that the verdict and sentence be reversed as to the defendant Lee Hudson, and that this case as to him be remanded for further proceedings according to law.