THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ANTHONY ROMANO, Appellant.

Second Department, July 1, 1938.

*Sydney Rosenthal* [*Sydney S. Snyder* with him on the brief], for the appellant.

*John H. W. Krogmann, Assistant District Attorney* [*Charles P. Sullivan, District Attorney,* with him on the brief], for the respondent.

HAGARTY, J. This court is unanimously of opinion that the evidence upon which the judgment of conviction rests is abundant and convincing.

The prosecution waived the right to open the case, and it is appellant's contention that the district attorney is compelled to deliver an opening and that the failure to do so, in the absence of waiver by defendant, constitutes reversible error. Inasmuch as

there is no legal rule for the measurement of an opening (*People* v. *Van Zile*, 73 Hun, 534), which may consist of nothing more than a reading of the indictment (*People* v. *Reilly*, 49 App. Div. 218; affd., without opinion, 164 N. Y. 600), such a requirement would be an absurdity. In no possible sense can it be said that any right of the appellant was prejudiced by such omission. Section 388 of the Code of Criminal Procedure, which appellant invokes, concerns itself with the order in which the trial shall proceed. Controlled by that subject-matter, the fair meaning of the provision in the first subdivision of that section, namely, that the district attorney " must open the case," in my opinion, is that it is imperative that his opening precede that of defendant or his counsel, if he makes one.

Even if the provision is to be construed as making it mandatory upon the district attorney to say something and that the omission so to do is error, such error, particularly in the light of the proof in this case, is harmless. (Code Crim. Proc. § 542.)

The judgment of conviction should be affirmed, and the appeal from the sentence imposed dismissed.

LAZANSKY, P. J., CARSWELL and JOHNSTON, JJ., concur; TAYLOR, J., concurs in the dismissal of the appeal from the sentence imposed, but dissents from the affirmance of the judgment and writes for reversal and a new trial.

TAYLOR, J. (dissenting). I concur in the dismissal of the appeal from the sentence but dissent from the affirmance of the judgment.

The evidence is ample to warrant the judgment of conviction. The trial, however, was characterized by a single error so substantial and working such prejudice to the appellant's rights that it may not be disregarded under the provisions of section 542 of the Code of Criminal Procedure. The People waived the right to open the case (See Code Crim. Proc. § 388, subd. 1), in the face of the appellant's duly noted protest, in which in effect he objected " to the failure of the District Attorney to open in this case." Therefore, the appellant did not waive the omission. Section 388 in its relevant part reads:

" § 388. In what order trial to proceed.

" The jury having been impaneled and sworn, the trial *must* proceed in the following order:

" 1. The district attorney, or other counsel for the people, *must* open the case;

" 2. The defendant or his counsel *may* then open his defense." (Italics mine.)

There is no express or implied provision for waiver of his opening by the district attorney; the word " may " is not used as to him. The requirements are not merely directory as to the order of proof, but, in so far as the opening of the case by the People is concerned, they are plainly mandatory.   The repetition of the word " must " in the statute quoted *supra* emphasizes the mandatory character of the statutory provisions.   (*Vide People* v. *Thomas*, 32 Misc. 170.)   These confer upon the defendant substantial rights which he may insist shall be accorded to him; on the other hand, he may waive those rights.   The appellant did not waive them in this case. The defendant, if he will, may insist upon an opening by the People. If he so wills, it is his right to have a statement made by the district attorney of the nature of the charge against him and of what the former expects to prove in support of the allegations of the indictment.   (*Vide People* v. *Van Zile, infra,*)   There appears to be no case directly in point in this State.   This absence of authority undoubtedly reflects the general acceptance of the plain provisions of the statute as written.   In *People* v. *Van Zile* (73 Hun, 534, 538, 539) this court's predecessor defined the purpose of an opening by the People — " to give the charge against the accused and the evidence to be presented by the public prosecutor to establish the commission of the crime and its perpetration by the defendant." There it was also declared that the scope and extent of the opening must be controlled by the trial judge in the exercise of a wise discretion, and that " it would require a plain violation of the rights of a defendant to induce an appellate tribunal to reverse a conviction for an erroneous opening for the prosecution;" further, the court there stated the truism that " an opening has no binding force, and it is designed only to give a general acquaintance with the case to enable the jury to understand and appreciate the testimony as it falls from the lips of the witnesses."   Neither expressly nor by implication does the case cited hold or intimate that the People's opening may be waived where the defendant protests against that waiver.   In other jurisdictions where statutes similar to section 388 of our Code of Criminal Procedure are in force, the provision as to opening by the prosecution has been declared to be mandatory and to involve a substantial right of the defendant.   (*State* v. *Loeb*, [Mo.] 190 S. W. 299; *State* v. *Honig*, 78 Mo. 249; *State* v. *Ducre*, 173 La. 438; 137 So. 745; and *vide State* v. *Florane*, 179 La. 453; 154 So. 417, and *State* v. *Daleo*, 179 La. 516; 154 So. 437.) Typical of these rulings is that in *State* v. *Ducre* (*supra*, at p. 747.) Therein the appellate court in Louisiana construed as mandatory such a provision as to opening by the prosecution, contained in article 333 of the Louisiana Code of Criminal Procedure relating

to the order in which a trial shall proceed, and said: " The framers of the Code of Criminal Procedure clearly intended that the making of the opening statement by the district attorney should be deemed sacramental, since article 333 leaves it to *the mere option* of the counsel for defendant as to whether he shall make any opening statement at all as to the defense and the evidence in support of same." Likewise typical is the ruling in *State* v. *Loeb* (*supra*), as follows: " The mandatory nature of this provision is not only evident from its form, but from its purpose. It was intended, while affording the State ample opportunity to vigorously prosecute criminals, to inform them of the course contemplated and the facts relied on by the prosecution, to enable them to fairly meet the charges preferred against them."

For this sole reason the judgment of conviction should be reversed and a new trial ordered.

Judgment of conviction of the County Court of Queens county affirmed. Appeal from sentence imposed dismissed.