**149 So. 507**

**STATE v. ELMORE.**

No. 32435.

July 7, 1933.

George Wesley Smith, of Rayville, and Joseph S. Guerriero, K. Ann Dodge, and Brunswig Sholars, all of Monroe, for appellant.

G. L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., Frank W. Hawthorne, Dist. Atty., of Bostrop, and James O'Niell, Sp. Asst. to Atty. Gen., for the State.

ROGERS, Justice.

Orville Elmore, Mrs. Frank Manley, and Roy Smith were jointly indicted for the murder of Ted Riser. Severances were granted to Mrs. Manley and Smith, and Elmore alone was placed on trial. When he was first tried, the jury being unable to agree, a mistrial was ordered. On his second trial defendant was found guilty of manslaughter, and under the conviction was sentenced to imprisonment at hard labor for a term of not less

than thirteen and one-third years nor more than twenty years. From his conviction and sentence defendant prosecutes this appeal.

The only question presented by the appeal is whether the trial judge erred in admitting an alleged confession over defendant's objection that the district attorney in his opening statement had failed to inform the jury and the defendant that he expected to offer and prove a confession by defendant.

The district attorney did not inform the jury in his opening statement that he intended to offer in evidence a confession made by the defendant Orville Elmore that he was guilty of the crime charged. But he did inform the jury that Orville Elmore, Roy Smith, and Mrs. Frank Manley had conspired to rob the deceased Ted Riser. And the district attorney took the position, which was sustained by the ruling of the trial judge, that Elmore's statement to the two police officers was exculpatory and not a confession.

The officers testified that Elmore, the defendant, admitted or confessed to them that Roy Smith and he went down to Riser's place for the purpose of robbing him of money and diamonds, and that in the argument or scuffle which ensued Smith shot and killed Riser.

It appears from defendant's allegations in his motion for a new trial, which were not controverted, that upon the first trial the conspiracy between Roy Smith and Orville Elmore to rob Ted Riser was not established, except by the uncorroborated testimony of Smith, which was denied under oath by Elmore. And the clear purpose of the state in placing the two police officers on the stand in the second trial was to have them corroborate Smith's testimony by proving that Elmore had confessed to them that he and Smith conspired to rob Riser, and that in the struggle resulting from the attempt to carry out the conspiracy. Riser was killed.

The district attorney contends defendant's alleged statement was not a confession but a denial of guilt. Nevertheless the statement was offered in evidence after the state had laid the foundation for its admission as a confession.

It is true, the statement as testified to by the officers contained a denial of the actual shooting of Riser by the defendant, but it also contained an admission of the conspiracy to rob him. And the district attorney declares that the statement was offered for the sole purpose of proving the conspiracy.

But, if Elmore confessed to the conspiracy to rob Riser, and Riser was killed in the effort to rob him by the conspirators, it makes no difference which one of the conspirators actually did the killing, all were guilty of the homicide; and the trial judge expressly so charged.

If it be true that the testimony of the police officers did not prove any confession made by defendant, why was it offered in evidence? The reason assigned by the state for its introduction is not sound. Defendant was not on trial for robbery, or assault with intent to rob, or for conspiracy to commit robbery. He was on trial for murder. The testimony was not offered for the purpose of securing defendant's acquittal, but it was offered for no other purpose than to se-

cure defendant's conviction of the crime with which he was charged, namely, murder.

While the district attorney and the trial judge designate the statement made to the two police officers as an admission, the statement, in our opinion, was inculpatory and not exculpatory in its nature.

The statement clearly contained an acknowledgment of defendant's guilt, and was therefore a confession and not an admission, which in criminal prosecutions relates to matters of fact that do not involve a criminal intent. State v. Johnson, 149 La. 922, 90 So. 257.

Since the statement which defendant is alleged to have made to the police officers must be regarded as a confession and not as an admission, the case falls squarely within the doctrine announced by this court in State v. Silsby, 176 La. 727, 146 So. 684, 689.

The district attorney does not pretend he informed the jury in his opening statement that he intended to offer in evidence a confession made by the defendant. The only information he imparted to the jury was that "he expected to prove a conspiracy on the part of the defendant, together with his co-defendants to rob the deceased."

In the Silsby Case, this court held that under article 333 of the Code of Criminal Procedure the district attorney in his opening statement in a criminal prosecution must set forth, not only the facts which he expects to prove, but also the nature of the evidence by which he expects to prove them; and that, where he intends to show defendant voluntarily confessed his guilt, he should state the confession will be introduced.

The court expressly approved in the Silsby Case the decision in State v. Ducre, 173 La. 438, 137 So. 745, holding article 333 of the Code of Criminal Procedure is mandatory, and the purpose of the article, according to its terms, is to make the district attorney show his hand as to the state's evidence as a matter of fairness to the defendant, as well as to advise the jury concerning the facts involved.

The state, in its brief, expresses some doubt as to the value of the decision in the Silsby Case as authority on the question of whether the district attorney should announce in his opening statement that the defendant's confession will be introduced. The writer of the brief seems to think only one member of the court, in addition to the author of the opinion, concurred in the view such an announcement should be made. But he is in error in so thinking. Four members of the court thought Silsby's confession was voluntary, and three members of the court thought the confession was not voluntary. Hence the decision in that respect was against the defendant. The only ground on which Silsby obtained the reversal of his conviction and sentence was that the opening statement of the district attorney was insufficient. Five members of the court subscribed to this view, and two members of the court dissented therefrom.

The state argues the court should adopt the views expressed by text-writers and decisions in other states, to the effect that, since a confession, to be admissible, must first be adjudged voluntary, the better practice excludes any reference to it in the opening statement of the district attorney.

The same argument was made by the state and rejected by the court in the Silsby Case. There the court disposed of the argument as follows, viz.:

"And of course the opinions of text-writers, however eminent, and of courts, however famed, as to what a prosecuting officer may or may not, or should or should not, say in his opening address, where there is no statute obliging him to make or to refrain from making any opening address at all, can be of no assistance whatever in interpreting a statute which makes it obligatory on the prosecuting officer to make an opening address and states what that opening address shall consist of."

For the reasons assigned, the conviction and sentence herein appealed from are annulled, and the case is remanded to the district court for retrial.

BRUNOT, J., dissents.