**152 So. 77**

**STATE v. GARRITY.**

No. 32494.

Nov. 27, 1933.

Rehearing Denied Jan. 2, 1934.

Daly & Hamlin, Mahoney & Rose, and Gill & Simon, all of New Orleans, for appellant.

Gaston L. Porterie, Atty. Gen., and Eugene Stanley, Dist. Atty., and George J. Gulotta and J. Bernard Cocke, Asst. Dist. Attys., all of New Orleans, for the State.

O'NIELL, Chief Justice.

The defendant has appealed from a conviction and a sentence of imprisonment in the penitentiary for the crime of assault and robbery. He complains, in two bills of exception, that the district attorney said, in his opening statement to the jury, that the state intended to prove that, when Garrity was arrested, in Miami, Ariz., he asked the arresting officer what he wanted with him, and the officer replied, "I don't want you, but New Orleans wants you for a bank job," and that Garrity replied, "Well, I guess you've got the right man."

It is contended that Garrity's statement to the officer who arrested him was a confession, and that the district attorney should not have disclosed to the jury, before proving that the alleged confession was made freely and voluntarily, that the state intended to offer the confession in evidence. The statement which Garrity is said to have made to the officer who arrested him was, substantially if not in fact, a confession. But, according to article 333 of the Code of Criminal Procedure, the district attorney, in his opening statement to the jury, must explain not only the nature of the charge against the defendant, but also *the evidence by which he expects to establish the same.* State v. Ducre, 173 La. 438, 137 So. 745. And when the evidence, or a part of the evidence, by which the

district attorney intends to prove the charge against the defendant, is a confession made by the defendant, the district attorney must so inform the judge and jury in his opening statement. State v. Silsby, 176 La. 727, 146 So. 684; State v. Elmore, 177 La. 877, 149 So. 507. In both of those cases it was said that the opinions of the judges and law-writers on the subject in other jurisdictions were of no importance in Louisiana, because of the mandatory provisions of article 333 of the Code of Criminal Procedure.

In a motion for a new trial the defendant's attorneys contended also that the verdict was contrary to the law and the evidence, and that the jury had failed to give the defendant the benefit of a reasonable doubt, or of the presumption of innocence; but these complaints are merely that the evidence was not sufficient to prove the defendant's guilt; and that is a question of which this court has not jurisdiction.

The conviction and sentence are affirmed.