**36 So.2d 645**

**STATE v. CRITTENDEN.**

**No. 38976.**

June 15, 1948.

J. S. Pickett, of Many, and Jas. W. Jones, Jr., of Natchitoches, for appellant.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., J. Reuel Boone, Dist. Atty., of Many, and J. R. Ferguson, Asst. Dist. Atty., of Leesville, for appellee.

PONDER, Justice.

The defendant was tried for manslaughter and convicted of negligent homicide. He was sentenced to serve three years in the penitentiary. He appeals from the conviction and sentence.

Counsel for the defendant urges on this appeal thirteen bills of exceptions taken during the course of the trial. Two of the bills of exceptions are leveled at the admission of an oral and a written confession.

The defendant and the deceased resided in a house located in a rural section of Sabine Parish. The deceased disappeared in the latter part of April, 1947. The defendant continued to reside in the house alone for four or five months after the disappearance of the deceased, during which time he informed various persons that the deceased was visiting relatives. The defendant then moved away and the house remained vacant until November 30, 1947, on which date the body of the deceased was found in a crude grave, about fifty yards back of the house, covered with logs, brush and other trash. The defendant was apprehended a few hours after the body of the deceased was discovered and was confined to jail. On December 3, 1947, the defendant made a statement or confession regarding the killing to a number of officers and, approximately two hours thereafter, the defendant made substantially the same statement of confession in the office of the district attorney, in the presence of officers, which was reduced to writing.

The trial judge, during the course of the trial and out of the presence of the jury, heard evidence touching the admissibility of the confessions and arrived at the conclusion that the confessions were admissible. The confessions were admitted in evidence over the objection of counsel for the accused and formal bills of exceptions were reserved.

Counsel for the defendant contends that the confessions were not freely and voluntarily made by the accused and for that reason they were not admissible.

The defendant was subjected to repeated cross-examinations over a period of three days by the local officers and members of the highway police. He was taken from the jail to the morgue to view the body of the deceased. He was taken to the grave, from which the body had been removed, and shoved into it by one of the officers. He was taken to the funeral of the deceased. One of the officers related to the accused the circumstances of a case where a person had escaped the electric chair by making a confession. One of the officers testified, page ninety-one of the transcript, as follows: "My line of questioning had to do with telling him that it would be much lighter on him if he told the truth." On one occasion, while he was being interrogated, a person, attempting to remove his coat, said, "Let me get at him," referring to the defendant. On another occasion an officer struck him in the face. The testimony of the defendant is to the effect that he was roughly treated and offered inducements to make the confessions. We are not predicating our decision on his testimony, but the facts above stated are borne out by the testimony of the officers.

Under the provisions of Article 451 and 452 of the Code of Criminal Procedure, a confession is not admissible if it is made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises and a person under arrest cannot be subjected to any treatment designed by effect on body or mind to compel a confession of crime. Our Constitution prohibits the compelling of an accused to give evidence against himself, the use of any treatment designed by effect on body or mind to compel a confession from an accused under arrest, and the use of a confession against an accused person unless it is freely and voluntarily made.

In the case of State v. Roberson, 157 La. 974, 103 So. 283, the conviction and sentence were set aside because a confession was admitted which had been obtained by repeated and unreasonable cross-examinations. This Court stated therein that any persistent effort to obtain a confession from a person in custody by repeatedly subjecting him to cross-examinations after he has refused to make such statement is treatment designed by effect on body or mind to compel a confession of crime.

This Court has repeatedly held that a confession secured from an accused, while he is under arrest, through inducement offered by an officer leading an accused to believe that he will receive a lighter penalty is not admissible. State v. Henry, 196 La. 217, 198 So. 910; State v. Ellis, 207 La. 812, 22 So.2d 181.

The accused made the confessions after being subjected to repeated cross-examinations over a period of three days;

after an inducement had been offered him by an officer; and after he was subjected to harsh treatment. Under such circumstances, the admission of the confessions was in violation of the articles of the Code of Criminal Procedure and the contitutional mandate prohibiting the use of confessions that have not been freely and voluntarily made. Moreover, if we entertained any doubt as to the admissibility of the confessions, such must be resolved in favor of the accused because it is incumbent on the State to affirmatively show that they were free and voluntary as a condition precedent to their admission. Article 451 of the Code of Criminal Procedure; State v. Henry, supra; and State v. Ross, 212 La. 405, 31 So.2d 842.

■ Counsel for the State contends that the statements made by the accused, now under consideration, were exculpatory statements and that the rules applying to confessions do not apply to admissions not involving the existence of a criminal intent. In support of his contention he cites Article 454 of the Code of Criminal Procedure and the case of State v. Oteri, 128 La. 939, 55 So. 582, Ann.Cas.1912C, 878. The holding in the Oteri case is not in point because the statement under consideration therein was made in explanation of the accused's possession of some articles of jewelry of small value.

In the present case, the accused stated in the confessions that the deceased died as a result from a blow on the neck delivered by the accused after he had been assaulted by the deceased. The accused related how he had buried the body and concealed its whereabouts by informing various parties that the deceased was visiting relatives. At the time that the confessions were made the only evidence pointing to the defendant's guilt was the fact that the body was found in a grave covered with rubbish in close proximity to the house where the defendant had resided, and the further fact that the deceased had disappeared while the defendant was living with him. The confessions reflect the existence of a criminal intent and they cannot be regarded as mere exculpatory statements.

Having arrived at the conclusion that the conviction and sentence must be set aside because of the erroneous admission of the confessions, it is unnecessary to review the other bills of exceptions.

For the reasons assigned, the conviction and sentence are set aside and the case is remanded to the lower court for a new trial, to be proceeded with according to law and the views herein expressed.

O'NIELL, C. J., and HAMITER, J., do not take part.