McCALEB, Justice.
Appellant was charged, tried and convicted of simple burglary and sentenced to serve three years at hard labor in the State penitentiary. On appeal to this court, his conviction was reversed and a new trial ordered on the ground that the trial judge erred in not requiring the State to inform him whether it was contending that he entered the structure with the intention of committing a forcible felony or a theft, as requested by him in an application .for a bill of particulars. See State v. Holmes, 223 La. 397, 65 So.2d 890.
This information having been supplied by the State on the remand of the case, appellant was retried, found guilty and again sentenced to. serve three years in the State penitentiary. He has appealed from the conviction and sentence, relying on three bills of exceptions for a reversal.
Bill No. 1 was taken when the court overruled the Objection of defense counsel to a special charge.-requested by the State, reading- as follows: ■
“All criminal cases that are appealed to the Supreme Court are appealed on questions of law only, and the Supreme Court does not pa.ss on the guilt or the innocence of the accused”.
■ Counsel did not state the ground for his objection and the judge overruled it because, as stated in his per curiam, evidence respecting the first trial had been received without objection while appellant, who had taken the stand on its own behalf, was under cross-examination.
We find no nlerit in the bill. In the first place, counsel failed to state in his objection the reason why the requested charge was erroneous, as required by Section 391 of the Code of Criminal Procedure, now LSA-R.S. 15:391, declaring that “Every objection * * * shall be accompanied by such a statement of facts as shall show the error in the charge given * * * ”. See State v. Ricks, 170 La. 507, 128 So. 293 *946 and State v. Linam, 175 La. 865, 144 So. 600, 602. In the absence of such a statement, this court will presume that no error existed “and will not disturb the ruling of the trial court.” State v. Linam, supra.
Furthermore, there can be'no doubt that the requested charge is a correct statement of the law. Whether it was wholly' pertinent to the case is a matter that we are unable to ascertain in view of counsel’s failure to comply with LSA-R.S. 15 :391.
Bill No. 2 was reversed when the court overruled counsel’s objection to certain alleged improper remarks, concerning the first trial and the decision of this court on appeal, made by the special prosecutor before the jury. During the course of his argument, the State’s attorney said “The case has been tried one time before and the man was found guilty and it went to the Supreme Court”. Whereupon, defense counsel objected and requested the court to instruct the jury to disregard the statement. The objection was overruled on the ground that the matters concerning the previous trial had been brought out by interrogation of the witnesses and had been received in evidence without objection. Counsel ther excepted and made his objection general Thereafter, the State’s attorney told the jury that the Supreme Court is not concerned with the facts of a criminal case, passing only on questions of law and it was the other jury which passed on the facts.
In this court, counsel maintains that these remarks were improper and so prejudicial to the rights of appellant that he was deprived of a fair and impartial trial. :
Section 515 of the Code of Criminal Procedure, LSA-R.S. 15:515 declares, in substance, that the retrial of a case, in which a new trial has been granted, should be conducted “with as little prejudice to either party as if it had never been tried.” " This is merely a codification of the exemplary rule laid down in the earlier casés, State v. Hornsby, 8 Rob. 583; State v. Rideau, 118 La. 385, 42 So. 973 and State v. Labry, 120 La. 434, 45 So. 382; see also Marr’s Criminal Jurisprudence, 2nd Ed. Vol. 2, § 726, that the proceedings and results of the former trial should not be employed for the purpose of prejudicing either the prosecution or the accused before the jury. ■ Since it is self evident that it would hardly be feasible in most cases to withhold from the jury all knowledge of the prior proceedings, any erroneous inferences which might be drawn can be easily and adequately forestalled or dispelled by proper instructions from the judge to the effect that the case is to be decided upon the evidencé produced at the retrial and that the results of any former trial and reversal by the appellate court should be disregarded in determining the guilt or innocence of the accused. The general charge of the judge in the case at bar has not been made part of the bill of exceptions and is not in the record. For this reason, we have no way of .knowing whether he specially instructed the jury that it was to disregard the results of the prior *948 proceedings in determining the guilt or innocence of appellant. ' In .these ' circumr stances, we cannot say that appellant was prejudiced by the ruling (even though we assume that it was incorrect) as it is to be presumed that the judge properly charged the jury with respect to the law of the case.
 Aside from this, we do not regard the ‘ ruling as erroneous in view of the judge’s statement that the facts concerning the former trial and its results had been admitted in evidence without objection. Under Article 381 of the Code of Criminal Procedure, LSA-R.S. 15:381, the prosecuting attorney had the right to comment on all matters that were in evidence and it does not appear to us that his remarks constituted an appeal to • prejudice, which is banned by the article. On the contrary, he merely told the jury that the fact that this court had reversed the former conviction was not to be considered as evidence of appellant’s innocence because this court does not pass on questions of fact but only on matters of law. The plain purpose of this argument was to counteract any favorable inferences which might have been drawn by the jury from this Court’s reversal of the former conviction. Hopt v. People, 120 U. S. 430, 7 S.Ct. 614, 30 L.Ed. 708.
The remarks are not on a parity with those which were considered objectionable in State v. Riggio, 124 La. 614, 50 So. 600 and State v. Fletcher, 210 La. 409, 27 So.2d 179, where the juries were, in effect, told that they should take into consideration in reaching their verdict the opinion of the Magistrate, in-one .case, and .that of the Grand Jury in the other. . ,
■ More appropriate here is the decision in State v. Scarborough, 152 La. 669, 94 So. 204, where the statement of the special prosecutor, that the verdict rendered against defendant on the former trial was. set aside, on account of technicalities, was. found to be unobjectionable since it was a comment on evidence (which had been elicited without protest) that the verdict had been annulled because the sheriff had permitted the jury to separate.
- The remaining bill of exceptions was reserved to the overruling of a motion ■ for. a new trial. This motion was based on: three grounds (1) that there was a lack ofessentia! evidence to support the conviction,. (2) that the court erred in not sustaining the first two bills of exceptions and (3) that it also erred, in permitting the jury to take the bill of information, which contained a. notation of the verdict of guilty rendered' by the jury at the first trial, in the jury room during its deliberations without instructing it to disregard the entries thereon..
The second ground upon which the: motion is founded has already been discussed and disposed of. The first ground presents nothing for review because appellant has not attached to his bill of exceptions all of the evidence produced at the-trial. It is manifest that we are unable to determine whether all essential elements of. *950 the offense were proved in the absence of a ■complete transcript of the evidence.
The other ground set forth in the •motion warrants no consideration as counsel should have requested the judge to instruct the jury with respect to the entry of the first jury’s verdict appearing thereon at the time the bill of information was handed to it. The objection comes too late, when first brought to the attention of the judge on a motion for a new trial. State v. Gonzales, 107 La. 216, 31 So. 626 and State v. Gros, 204 La. 705, 16 So.2d 238.
The conviction and sentence are affirmed.