**84 So.2d 452**

**STATE of Louisiana**

**v.**

**Ed CLARK.**

**No. 42413.**

Nov. 7, 1955.

Rehearing Denied Dec. 12, 1955.

Philo Coco, Earl Edwards, Marksville, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Charles A. Riddle, Jr., Dist. Atty., Marksville, for appellee.

HAWTHORNE, Justice.

Ed Clark, charged in a bill of indictment with the crime of manslaughter, was tried.

before a jury, found guilty, and sentenced to serve a term of one year in the state penitentiary. He has appealed.

Prior to trial, two statements were made by the defendant. One of these statements was made under oath at the coroner''s inquest, and the other was made in the office of the sheriff on the day of the alleged killing. Both statements were taken down and transcribed by a stenographer, Mrs. deNux. It is conceded that the substance of these two statements is the same.

During the trial of the case Mrs. deNux was put on the witness stand by the State and asked to read to the jury the statements made by defendant. Counsel for defendant objected to the reading of these statements on the ground that it had not been affirmatively shown that they were free and voluntary and not made under the influence of fear, duress, intimidation, menaces, threats, inducements, or promises. In other words, defense counsel was of the opinion that the proper foundation for their admission had not been laid under Article 451 of the Code of Criminal Procedure. The trial judge, however, permitted the reading of these statements without a foundation's being laid by the State. In his per curiam he informs us that he was of the opinion that they were admissions as that term is used in Article 449 of the Code of Criminal Procedure, R.S. 15:449, and could in no way be construed as confessions, and that consequently it was not necessary for the State to show that they had been given voluntarily by the accused. To this ruling counsel for defendant reserved Bills of Exception Nos. 5 and 6.

The two statements by the accused which are the basis of the two bills before us show that the defendant and the deceased got into an argument over which one could "handle his liquor" better, during which both men became very angry and started cursing and fighting. In these statements the defendant said, among other things:

"* * * Truthfully I don't remember hitting him but I guess I hit him with the bottle and when he got up I kicked him down. I jumped on him with my knees and hit him in the face and jumped on him with my knees. * * * I jumped down and up and down on him and the first time when he was getting up, I kicked him. * * *"

If the statements in the instant case are confessions, the proper foundation had to be laid for their introduction in evidence. Art. 451, Code Cr.Proc. If the statements are considered as admissions, they are admissions of inculpatory facts. This court in State v. Hayes, 162 La. 310, 110 So. 486, 489, said:

"Since, when a confession is objected to as one not voluntarily made, the state must show that it was so made, before it can be received in evidence, and the defendant must be given an opportunity to offer in rebuttal his evidence, we think the same rule governs the admissibility of incriminatory statements, whether they are offered as

substantive or impeaching evidence.
* * *"

In the recent case of State v. Robinson, 215 La. 974, 41 So.2d 848, this court held that admissions involving the existence of a criminal intent or inculpatory facts are governed by the rules applicable to confessions. See Art. 454, Code Cr.Proc.; State v. Crittenden, 214 La. 81, 36 So.2d 645.

It was therefore error for the trial court to allow the State to read to the jury defendant's two incriminatory statements without first showing that they were freely and voluntarily made under the provisions of Article 451 of the Code of Criminal Procedure.

There are other bills in the record, but we need not consider them on this appeal.

The conviction and sentence are reversed and set aside, and the defendant is granted a new trial.