SIMON, Justice.
 

 Robert Jones was indicted for the crime of murder, tried before a jury,, found guilty and sentenced to death. From his
 
 *359
 
 conviction and sentence he prosecutes this appeal, relying on three bills of exception.
 

 Bill of Exception No. 1 is based on the complaint that the district attorney in his opening statement before the jury failed to state that he would introduce a confession made by the accused, but informed the jury that he would show by the free and voluntary admission of the accused certain admitted facts contained therein.
 

 In the course of the trial the district attorney proceeded to lay a foundation for the introduction of the written statement or admission of the accused. Objection was made on the ground that if the written statement or admission constituted a confession it was inadmissible for the failure of the assistant district attorney to have informed the jury in his opening statement that a written confession would be introduced. Whereupon, the court retired the jury for the purpose of ascertaining whether or not the written statement or admission was in fact a free and voluntary confession. The court ruled the written statement admissible, it on its face partaking of the nature of both an inculpatory admission and a confession. Thereupon, the jury was returned into the courtroom, and testimony as to its- free and voluntary character was again introduced in the presence of the jury. The statement was then admitted in evidence over the objection of counsel for the accused and read to the jury.
 

 In his per curiam the trial judge points to the fact that at no time did counsel for the accused object to the admissibility of the written statement or confession of the accused for want of proper foundation or sufficient evidence to show that it was freely and voluntarily made; nor did he avail himself of the right of cross-examination in connection therewith. The trial judge further points out that the
 
 sole and only objection
 
 made by the defendant was that in his opening statement to the jury the assistant district attorney had designated the statement given by the accused as an “admission” rather than as a “confession”, which is the sole basis of Bill of Exception No. 1.
 

 In all cases that are triable by a jury it is the mandatory duty of the district attorney to make an opening statement to the jury, explaining the nature of the charge against the accused and the evidence by which such charge is expected to be established. Article 333 of the Code of Criminal Procedure, LSA-R.S. 15:333; State v. Ducre, 173 La. 438, 137 So. 745; State v. Silsby, 176 La. 727, 146 So. 684; State v. Elmore, 177 La. 877, 149 So. 507; State v. Childers, 196 La. 554, 199 So. 640; State v. Johnson, 198 La. 195, 3 So.2d 556; State v. Smith, 212 La. 863, 33 So.2d 664; State v. Palmer, 227 La. 691, 80 So.2d 374.
 

 The written statement or admission signed by the defendant and referred to by the assistant district attorney in his opening statement is as follows:
 

 “My name is Robert Jones (C.M) Age 39 and I have been residing at 811 Watts
 
 *361
 
 Alley. The statement I am about to make is true and correct to the best of my knowledge and is given without any threats or promises having been made. I have been advised that anything I say may be used against me and that I have a right to see a lawyer.
 

 “Last night about nine o’clock I called Winnie B. James with whom I have lived as common law husband for about ten years, but from whom I separated about a month ago. I called her because we had agreed to divide the furniture and I was to pick mine up. She told me not to come by but I told her I was coming anyhow because I had to work tomorrow. I went by there in my car and she stood on the porch and told me not to stop. I then went back and got this boy called Richard who has a truck. The reason she didn’t want me to stop was because Leon Giles’ car was in front of her house and I know he carries a gun. When we got in the truck we went back to Dixie Alley and Winnie J and Giles were in his car on Terrace St. near the railroad. They were fighting so Robert said he wasn’t going to stop and he drove me back to East Blvd. to my car. When I got in my car I got my gun out of the trunk and placed it behind the front seat. I headed back toward Dixie Alley on Louise St. and as I passed along Louisa and I saw Leon Giles walking out of a driveway. He said, ‘You black son of a bitch you are one sob I’m going to kill’. When he said this he was in the driveway nearly to the porch. I stopped my car and reached for my rifle and shot at him twice before he got on the porch[e] and twice more after he got on the porch. After I shot him I went to Mr. Paul Zarith’s house and told him what I had done and asked him to bring me to the Police Station. The above statement has been read to me and is true and correct.”
 

 The record discloses that the opening statement pertinent to the issue herein is as follows:
 

 “We will next show by the free and voluntary admission of the accused himself that when he got to his car on East Boulevard that he opened the trunk of his car and removed therefrom a 22 rifle which he placed behind the front seat of his car and that the accused, Robert Jones, then started back toward Dixie Alley, where he had seen the deceased, Leon Giles.
 

 “That as he was heading toward Dixie Alley he drove his car down Louisa Street and as he passed the home occupied by Leon Giles, he saw the deceased Leon Giles walking up the driveway toward the front of his home; that the accused, Robert Jones, then stopped his car, reached for his rifle and shot the deceased two times before the deceased reached his front porch and shot him twice in the back after the deceased ran upon his front porch.”
 

 It is significant that in this opening statement the assistant district attorney delineated and tracked the words of the defendant contained in his written statement,
 
 *363
 
 thus stating that he would show that the accused admitted, in addition to other facts-, that he reached for his rifle and shot the deceased.
 

 Article 449' of the Code of Criminal Procedure, LSA-R.S. 15 :449, declares that the term “admission” is applied to those matters of fact which do not involve criminal intent; whereas, the term “confession” .is applied only to
 
 cm admission of guilt
 
 and
 
 not to an acknowledgement of facts merely tending to establish guilt.
 
 A confession of a person accused of crime is admissible in evidence only if freely and voluntarily made. LSA-R.S. 15:451. Admissions involving the existence of a criminal intent or inculpatory facts are governed by the rules applicable to confessions. See Article 454, Code of Criminal Procedure, LSA-R.S. 15:454; State v. Crittenden, 214 La. 81, 36 So.2d 645; State v. Robinson, 215 La. 974, 41 So.2d 848; State v. Clark, 228 La. 899, 84 So.2d 452.
 

 An examination of the written statement purportedly made by the accused reveals an unequivocal acknowledgement of facts that tend to establish guilt of the crime charged and not an admission of guilt thereof, and is, therefore, an
 
 “admission”,
 
 as defined by Article 449, Code of Criminal Procedure. Under our law this admission involving inculpatory facts when introduced into evidence at the trial of the accused for the crime of murder must be introduced in accordance with law, as hereinabove stated.
 

 The underlying spirit and purpose of Article 333 of the Code of Criminal Procedure mandatorily requiring an opening statement by the district attorney is-to force him to disclose the state’s evidence, not only to inform the court, the jury and the defendant of what facts the state intends to prove, but in fairness to permit the defendant to adequately present his defense and avoid being taken by surprise.
 

 In the instant case, the opening statement of the assistant district attorney not only disclosed the fact that the accused made a free and voluntary admission but presented a full disclosure to the jury and the defendant of the exact contents of his written statement. Certainly, under such full disclosure it is inconceivable to us that the defendant was not fully apprised of the evidence which the state intended to prove as complained of by him.
 

 Counsel for defendant relies on the case of State v. Silsby, supra, [176 La. 727, 146 So. 689] to support his contention and quotes from that opinion as follows:
 

 “In our opinion the statute requires the district attorney to set forth not only the facts which he expects to prove, but also the evidence, i.e., the nature of the evidence,, by which he expects to prove them', whether oral or written, or direct or circumstantial,, or confessed. * * * ”
 

 In the Silsby case, in his opening statement the district attorney failed to inform the jury that he intended to offer in evidence the confession of the accused. Later,
 
 *365
 
 the confession was admitted over the objection of counsel for defendant, and for that reason the verdict and sentence were set aside by this court.
 

 In the case of State v. Bishop, 179 La. 378, 154 So. 30, 31, in considering the validity of a bill of exception taken by defendant on the ground that the district attorney in his opening statement to the jury failed to inform them whether the confession was made orally or in writing, and in which bill defendant relied upon and cited the Silsby case, we held the bill to be without merit. In referring to the above quotation from the Silsby case we held:
 

 “The following words in the opinion: ‘Whether oral or written, or direct or circumstantial, or confessed,’ are intended as merely illustrative. The holding of this court, divested of superfluity, is that, where the district attorney proposes to offer in-evidence the confession of the accused, he should, in his opening statement, inform the jury of that fact. * * * ”
 

 In the instant case, the statement of admissions referred to by the district attorney in the opening statement not having admitted the guilt of the crime charged could not have been by him properly termed a “confession”. It was at most an admission ■of facts involving a criminal intént or inculpatory facts and as such was admissible in evidence upon compliance with the rules applicable to confessions.
 

 We conclude that the opening statement made by the assistant district attorney properly referred to in the written Statement of the accused as an admission and delineated the entire facts therein contained and sufficiently explained the nature of the charge and the purport of evidence by which he expected to establish the guilt of the accused. We find no merit in Bill of Exception
 
 No. 1.
 

 Bill of Exception No. 2 was taken to the ruling of the trial judge admitting in evidence the rifle alleged to have been used by the'accused to shoot the deceased. Counsel for the accused objected to its introduction on the ground' that the assistant district attorney had failed to state in his opening statement .that he intended to introduce the said rifle in evidence.. . .
 

 The pertinent part of the opening statement with reference to the rifle is the same as that heretofore quoted in our consideration of Bill of Exception No. 1 and does not require repetition.
 

 The provisions of Article 333 of the Code of Criminal Procedure demand that the opening statement of the district attorney explain the nature of the charge and the evidence by which he expects to establish the same; this mandate does not mean that the district attorney must state in minute detail every shred of evidence he intends to offer on the trial of the case. State v. Pearson, 224 La. 393, 69 So.2d 512; State v. Paternostro, 225 La. 369, 73 So. 2d 177. He informed the jury in his opening statement that he would show that the accused armed himself with a rifle and that
 
 *367
 
 he stopped his car, reached for his said rifle and shot the deceased; and such opening statement was sufficient to permit said weapon to be offered in evidence. We find no merit in Bill of Exception No. 2.
 

 After tbe verdict was rendered in this case, counsel for the accused filed a motion in arrest of judgment, which motion was overruled by the court, and to which ruling Bill of Exception No. 3 was reserved. This bill is based upon the same ground urged in Bill of Exception No. 1, which has been disposed of and therefore presents nothing further for us to review.
 

 For the reasons assigned, the conviction and sentence are affirmed