93 So.2d 13

**STATE of Louisiana**

v.

**Ed CLARK.**

No. 43131.

Jan. 21, 1957.

Philo Coco, Earl Edwards, Marksville, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Charles A. Riddle, Jr., Dist. Atty., Marksville, for appellee.

FOURNET, Chief Justice.

The defendant, Ed Clark, is appealing for the second time from his conviction and sentence on an indictment charging him with the crime of manslaughter in that he killed one Willie Pierce. When the case was first before us we annulled and set aside the conviction and sentence,

and remanded the case for a new trial, on the ground that two statements of the defendant, one made under oath at the Coroner's inquest and the other made in the office of the Sheriff on the day of the killing, were either confessions or admissions involving inculpatory facts and were improperly admitted since the State had failed to show, prior to their introduction in evidence, that they had been freely and voluntarily made in accordance with Article 451 of the Code of Criminal Procedure, LSA–R.S. 15:451. See 228 La. 899, 84 So.2d 452.

■ In the course of the trial on the remand, after the jury had been duly impaneled and sworn and the indictment read to the accused, the District Attorney in his opening statement explained the nature of the charge and the evidence by which he expected to establish the guilt of the accused, including the two statements or confessions made by the defendant. The first bill relied on was reserved to the trial judge's refusal to instruct the jury to disregard the statement by the District Attorney in his opening statement referring to the prior conviction of this defendant on this same charge.

■ Article 333 of the Code of Criminal Procedure makes it the mandatory duty of the District Attorney in all cases tried by jury to make an opening statement to the jury "explaining the nature

of the charge and the evidence by which he expects to establish the same." LSA–R.S. 15:333; State v. Barton, 207 La. 820, 22 So.2d 183; State v. Ricks, 170 La. 507, 128 So. 293; State v. Nahoum, 172 La. 83, 133 So. 370; State v. Ducre, 173 La. 438, 137 So. 745; State v. Silsby, 176 La. 727, 146 So. 684; State v. Elmore, 177 La. 877, 149 So. 507; State v. Garrity, 178 La. 541, 152 So. 77; State v. Bishop, 179 La. 378, 154 So. 30; State v. Sharbino, 194 La. 709, 194 So. 756. *The scope and extent of an opening statement is within the control of the trial judge in the exercise of a wise discretion, and a conviction will not be set aside for error therein unless the rights of an accused are plainly violated.* State v. Tullos, 190 La. 184, 182 So. 321; State v. Shuff, 198 La. 67, 3 So. 2d 278; State v. Barton, supra; State v. Poe, 214 La. 606, 38 So.2d 359. That the opening statement forms no part of the evidence is obvious, since it must be made "prior to the introduction of evidence," State v. Daleo, 179 La. 516, 521, 154 So. 437, 438, and, as pointed out in the case of State v. Ricks, supra [170 La. 507, 128 So. 294], quoting with approval from the case of People v. Van Zile, 73 Hun 534, 26 N.Y.S. 390, 393, " * * * 'What is said in an opening [statement] has no binding force, and it is designed only to give a general acquaintance with the case, to enable the jury to understand and appreciate the testimony as it falls from the

▬▬▬▬▬▬

lips of the witnesses.'" See, also, State v. Crittenden, 218 La. 333, 49 So.2d 418; Stanley v. State, 174 Ark. 743, 297 S.W. 826.

▬▬ Under the express provisions of the Code of Criminal Procedure, Section 515, LSA–R.S. 15:515, the courts are directed on the retrial to conduct the case "with as little prejudice to either party as if it had never been tried." This Court has on several occasions held that where a new trial is granted following a conviction of a lesser crime than charged, on the retrial not only is it proper but it is necessary for the prosecuting attorney in his opening statement to so inform the jury in order to properly apprise it of the issue to be decided; the conviction of a lesser crime than charged, under our jurisprudence, amounts to an acquittal of the greater offense, and of necessity on retrial the accused can only be tried for the lesser offense. State v. Crittenden, 218 La. 333, 49 So.2d 418; State v. Smith, 49 La.Ann. 1515, 22 So. 882; Stanley v. State, 174 Ark. 743, 297 S.W. 826.

▬▬ We readily agree it would be a better practice for the trial judge in cases similar to the one at bar to promptly instruct the jury to disregard a reference to a prior trial and conviction, and inform it that a man is not tried on an opening statement and that no part of it is evidence. However, the defendant has failed to show us in what respect his rights have been violated or his cause prejudiced, and we can think of none. It is well settled that where the evidence, or a part thereof, by which the district attorney intends to prove the charge against the defendant is the latter's confession, the district attorney must so declare in his opening statement; State v. Garrity, 178 La. 541, 152 So. 77; State v. Johnson, 198 La. 195, 3 So.2d 556; State v. Hutton, 198 La. 174, 3 So.2d 549; otherwise, the confession cannot be used or referred to in presenting the State's evidence against the accused; State v. Ward, 187 La. 585, 175 So. 69. From a reading of the District Attorney's opening statement in its entirety it is evident that he was explaining that he intended to introduce in evidence the two statements which this Court had held to involve the existence of criminal intent or inculpatory facts, and we are in accord with the views of the trial judge that the passing reference in good faith by the District Attorney to the prior conviction did not prejudice the cause of the accused. Moreover, it is difficult for us to understand how under the circumstances this information could have been kept from the jury; not only had the indictment been read to the jury, it had been presented to it, with a notation on the back that the defendant had been found guilty as charged—and the defendant offered no objection at the time.

A perusal of the decision of this Court in the case of State v. Holmes, 224 La. 941, 71 So.2d 335, 336, will readily disclose that it does not help the defendant's cause. In that case the defendant complained of a statement made by the District Attorney in his closing argument, i. e., "The case has been tried one time before and the man was found guilty and it went to the Supreme Court," and while defendant's counsel may derive solace from some of the language used in the opinion, it still remains that the Court recognized that the ruling of the trial judge was not erroneous since the facts concerning the former trial and its results had been admitted in evidence without objection, and therefore it was well within the prerogative of the District Attorney to comment thereon in his argument. In the course of its opinion the Court very aptly observed: " * * * he [the prosecuting attorney] merely told the jury that the fact that this court had reversed the former conviction was not to be considered as evidence of appellant's innocence because this court does not pass on questions of fact but only on matters of law. The plain purpose of this argument was to counteract any favorable inferences which might have been drawn by the jury from this Court's reversal of the former conviction. * * *" 224 La. at page 947, 71 So.2d at page 337.

▬ The next bill of exception is based on the trial judge's refusal to give eight special charges,[1] filed timely and in writing—the refusal being on the ground, as

---

1. These were: "1. If you feel, after considering the evidence, that the conduct of the accused was justifiable, even though criminal, it is your sworn duty to find him not guilty.

"2. If you believe, from the evidence, that the accused killed Willie Pierce, because he believed that he himself was about to be killed or about to receive great bodily harm, at the hands of the deceased, it is likewise your sworn duty to find him not guilty.

"3. A man has a right to kill another, in self defense, if he reasonably believed he is in imminent danger of losing his life or of receiving great bodily harm from such other person. Therefore, if you find that the accused acted under such belief, you should find him not guilty.

"4. If you find that the accused did not intend to kill Willie Pierce or to inflict great bodily harm upon him, you should find him not guilty, unless the evidence convinces you, beyond a reasonable doubt, that he killed him while committing or attempting to commit a felony or intentional misdemeanor toward the person of the deceased.

"5. If you find that the accused killed Willie Pierce through his negligent conduct, only, having had no intention to kill him or to inflict great bodily harm upon him, he should not be found guilty of the crime charged. In such a case he would be answerable under another statute, that of negligent homicide.

"6. If you are not satisfied beyond a reasonable doubt, that the blows inflicted upon the decedent by the accused, were the cause of the death of Willie Pierce, you should find the accused not guilty.

"7. If you believe that Willie Pierce died of heart failure brought about by the vigorous physical encounter or fight

stated by the trial judge in his Per Curiam, that those charges which were not immaterial or inapplicable to the case at bar were fully covered in the general charge.

Under the law, the trial judge is required to give every requested charge, when timely presented and in writing, "that is wholly correct and wholly pertinent, unless the matter contained in such charge have been already given, or unless such charge require qualification, limitation or explanation." Article 390 of the Code of Criminal Procedure, LSA–R.S. 15:390; State v. Dooley, 208 La. 203, 23 So.2d 46. It is apparent from a mere reading of the requested charges, reproduced in full in footnote 1, that some are not wholly correct, others would require either some qualification, limitation or explanation, or were not pertinent; and as a whole we think would tend to confuse rather than enlighten the jury. Besides, the subject matter covered by the requested charges was succinctly and fully covered in the trial judge's general charge.

▮ The last bill of exception relied on by the accused was reserved by the defendant when the trial judge refused to grant his motion for a new trial, raising for the first time the objection that one of the jurors, Albert Daigrepont, who was selected to deliberate in this cause, was not qualified, in that there was an affidavit filed against him in 1948, and still pending at the time, accusing him of the offense of aggravated battery, though of these facts counsel claimed ignorance until after conclusion of the trial—the witness having denied, when specifically interrogated by the Court on that phase of his qualification, that there were any charges pending against him.

In order for the defendant to avail himself at that late date of the incompetence of the juror it was essential that he prove that the cause for disqualification was unknown to him and his counsel until after verdict, and the juror must have been questioned on his voir dire by defendant's counsel as to whether he had any charges pending against him, and must have answered in the negative. See State v. Nash, 45 La.Ann. 1137, 1145, 13 So. 732, 734. The fact that the question was propounded by the judge will not suffice. State v. Bryan, 175 La. 422, at page 444, 143 So. 362; State v. Futch, 216 La. 857, 44 So.2d 892.

▮ The record shows that counsel for the defendant was district attorney at the

between him and the accused or by excessive intoxication, your verdict should be that of not guilty.

"8. If you find or believe that the accused was so intoxicated at the time that Willie Pierce was killed, that he had no criminal intent to kill him or to inflict great bodily injury upon him, then you should find him not guilty."

time the alleged charges were filed; that no indictment was ever returned or information filed; that the district attorney had informed Daigrepont that there was nothing to the charge; also, that the charge had been filed in the Clerk of Court's office and was available to counsel; that the name of this prospective juror was on the regular venire for the week of the trial, and a copy of that venire was furnished to defendant's counsel in advance of trial. Moreover, we are constrained to believe that the defendant's counsel did know or should have known of the disqualification of the juror before accepting him; and by failing to object before swearing the jury, he waived his right, and cannot thereafter raise that point. In any event, as pointed out by the trial judge in his Per Curiam, the defendant was not prejudiced by the selection of this juror, but, on the contrary, this juror was one of the two who voted "Not Guilty," and under Articles 508 and 557 of the Code of Criminal Procedure, LSA–R.S. 15:508 and 15:557,[2] he is not entitled to a new

2. "The motion for a new trial is based upon the supposition that injustice has been done the accused, and, unless such is shown to have been the case, the application shall be denied, no matter upon what allegations grounded." LSA–R.S. 15:508.

"No judgment shall be set aside, or a new trial granted by any appellate court of this state, in any criminal case, on the grounds of misdirection of the jury or the improper admission or rejection of

trial, no injustice or prejudice being shown in this case.

For the reasons assigned the conviction and sentence are affirmed.

evidence, or as to error of any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, is prejudicial to the substantial rights of the accused, or constitutes a substantial violation of a constitutional or statutory right." LSA–R.S. 15:557.