135 So.2d 473

STATE of Louisiana

v.

Elliot Raymond MANEY.

No. 45661.

Dec. 11, 1961.

Frank J. Shea, New Orleans, for appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Richard A. Dowling, Dist. Atty., Malcolm G. Mundy, Jr., Asst. Dist. Atty., New Orleans, for appellee.

SUMMERS, Justice.

The defendant, Elliott Raymond Maney, was charged by bill of information with possession of narcotics as denounced by LSA–R.S. 40:962, tried by a jury, found guilty and sentenced to serve fifteen years at hard labor in the State Penitentiary.

During the course of the trial the defendant reserved five bills of exceptions which have been perfected and are presented for review by this appeal.

Bill of Exceptions No. 1 was reserved when evidence of an oral inculpatory declaration made by defendant to Officer Roth of the New Orleans Police Department was admitted over defendant's objection.

The statement which is the basis of the objection was made by the defendant after his arrest. At the trial, the State properly established the predicate for the introduction of the oral inculpatory declaration of the defendant, and the Court ruled that the State had successfully discharged the burden of proof establishing that the alleged statement was free and voluntary. Defense counsel objected to the admission of that portion of the statement made by the accused which showed that defendant and an associate had administered heroin to one another by injection shortly prior to their arrest at 10:00 a. m. Defendant first contends that evidence showing the heroin injection only tends to establish his guilt as an addict, an offense with which he is not charged, and thus it is irrelevant and its admission was prejudicial.[1]

Defendant further contends that the evidence was admitted to show guilty knowledge and intent, asserting that neither guilty knowledge nor intent is an essential element or ingredient of the offense of possession of narcotics. To admit evidence thereof, therefore, constitutes error preju-

1. The bill of information charged that defendant " * * * did wilfully and unlawfully possess and have under his control TWO (2) CAPSULES OF HEROIN * * *."

dicial to him and warrants setting aside the conviction.

■ This latter contention rests upon the proposition that this Court erred in its holding in State v. Johnson, 228 La. 317, 82 So.2d 24, wherein the rule was announced that guilty knowledge is an essential ingredient of the crime of possession of narcotic drugs under LSA–R.S. 40:962. Counsel for defendant here urges this Court to reverse its holding in the Johnson case and the cases which have adhered to the rule announced there.

This latter contention is without merit and is rejected. Nevertheless, it requires no discussion in view of our disposition of this bill of exceptions on the first contention.

■ In relation to the first contention, the rule is established by numerous decisions of this Court that admissions involving the existence of criminal intent or inculpatory facts are governed by the rules applicable to confessions.[2] Article 450 of the Code of Criminal Procedure, LSA–R.S. 15:450, provides:

"Every confession, admission or declaration sought to be used against any one must be used in its entirety,

so that the person to be affected thereby may have the benefit of any exculpation or explanation that the whole statement may afford."

■ The confession is not rendered inadmissible because it admits offenses other than the one for which the accused is on trial[3] and defendant here cannot successfully invoke his contention that the evidence of the injection of heroin by him and his associate, proving another offense, if such were its effect, renders the whole statement inadmissible. The relevancy, therefore, of that portion of the admission which does not bear upon the crime charged is of no consequence if the admission concerning the heroin injection was properly permitted in evidence on the basis that it was part of the same statement containing other inculpatory facts which were relevant to the crime charged and closely associated therewith in point of time. It is not denied that the statement did contain other inculpatory facts which were relevant to this prosecution.

In connection with Bill of Exceptions No. 2, counsel for the defendant sought on cross-examination to elicit from a police officer information concerning his knowledge of urinalysis usually made to determine

2. State v. Domino, 234 La. 950, 102 So. 2d 227; State v. Palmer, 232 La. 468, 94 So.2d 439; State v. Clark, 228 La. 899, 84 So.2d 452; State v. Robinson, 215 La. 974, 41 So.2d 848; State v.

Crittenden, 214 La. 81, 36 So.2d 645; State v. Hayes, 162 La. 310, 110 So. 486.
3. State v. Bailey, 233 La. 40, 96 So.2d 34, 69 A.L.R.2d 340; State v. Jones, 211 La. 387, 30 So.2d 127.

whether narcotics were present in the system within a period of twenty-four to forty-eight hours prior to the test and whether his contact with narcotic users revealed that they, too, had knowledge of this test. The police officer had been called by the State for the sole purpose of proving the voluntary nature of defendant's statement and the State's attorney objected to the question. He argued that the question goes beyond the scope of the direct examination and, furthermore, sought an opinion from the witness requiring expert knowledge. He charges that it was improper for defendant to seek an opinion from this witness without establishing his qualifications as an expert in the field. The objection was sustained. The per curiam of the trial judge discloses that the witness had not been qualified as an expert.

Article 463 of the Code of Criminal Procedure, LSA–R.S. 15:463, enunciates the general rule which prohibits a witness from testifying as to any impression or opinion. An exception to this rule is provided for in Article 464, LSA–R.S. 15:464, which permits those who have knowledge obtained by means of special training or experience to testify as to their opinions, such testimony being denominated expert testimony. The test of the competency of an expert is his knowledge of the subject about which he is called upon to express an opinion, and before any witness can give evidence as an expert his competency to so testify must

have been established to the satisfaction of the Court. Article 466, LSA–R.S. 15:-466.

■ We are in accord with the view of the Trial Court that the information sought required testimony from the witness which would be, in effect, an expression of an opinion or impression in a field of knowledge requiring special training or experience, that is, urinalysis, the reasons therefor and the results obtained therefrom. Having failed to properly qualify the witness as an expert the defendant cannot avail himself of the witness's opinion on the subject.

Bill of Exceptions No. 2 is without merit.

Bill of Exceptions No. 3 arose from the cross-examination of defendant by the State's attorney. The State was attempting to prove that no animosity existed between the arresting officer and defendant, which, in turn, would tend to indicate that the arresting officer had no personal reason to perjure himself in regard to any detail of the case; that, if, in fact, defendant attempted to shoot the arresting officer, his actions stemmed from some motive other than personal dislike.

The defendant by his prior admission on direct examination readily testified that he had been convicted on two previous occasions for narcotic offenses and he referred to his arrest in connection with one of those convictions.

The State's attorney asked defendant: "Did you know Officer Duncan before?" To which defendant replied, "No sir." Thereafter, defendant was asked: "Has he ever had any occasion previously to arrest you for anything?" Whereupon, before the witness could reply, defense counsel moved for a mistrial. The Court ruled the question to be improper. The State's attorney withdrew the question and the Court denied the motion for a mistrial and instructed the jury to disregard the question propounded by the State's attorney as to previous arrests.

Defendant submits that the question itself is prohibited by Article 495 of the Code of Criminal Procedure [4] and the error was not cured by instructing the jury that the question should be disregarded. He submits that this Court has held when the Court believes that, notwithstanding the instructions of the Court, the conviction may have been founded on the excluded evidence, the error is not cured by instructions to the jury. Citing State v. Armstrong, 118 La. 480, 43 So. 57.

4. "Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness, but before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to be impeached, he must have been questioned on cross-examination as to such conviction, and have failed .distinct-

If we were to hold, as defendant urges us to do, that propounding the question here is, in itself, error in law, we would still be unable to support the view that the error was such that instructions to the jury did not cure its harmful effect, if any.

Defendant argues that harmful effect resulted merely because the question was asked, even though not answered, the question withdrawn and the jury instructed to disregard the question. The harm which is alleged to have resulted from the question was that defendant's credibility was thereby destroyed.

■ Article 495 of the Code of Criminal Procedure formerly authorized questioning defendant on cross-examination concerning previous arrests. It has now been amended to provide to the contrary.[5] The question propounded here was clearly improper by the express language of that article as amended and it was ruled to be improper by the Court. The only issue presented is whether the mere asking of a question concerning prior arrests, where no response has been permitted, should in itself furnish valid grounds for a mistrial.

ly to admit the same; and no witness, whether he be defendant or not, can be asked on cross-examination whether or not he has ever been indicted or arrested, and can only be questioned as to conviction, and as provided herein." Article 495 of the Code of Criminal Procedure, LSA–R.S. 15:495.

5. Note 4, supra.

We doubt that such a result was intended by the legislature. That Article, dealing primarily, as it does, with the admissibility of evidence for the purpose of impeaching the credibility of witnesses, stipulates that a witness can not be asked on cross-examination whether or not he has ever been arrested. Such an inquiry involves more than the question which seeks the information. To constitute the inquiry prohibited by the article information must be obtained as a result of the question—there must be a response. It is the compulsory extraction of the facts sought by the question which was intended to be prohibited and not the question itself. The question itself furnishes no objectionable information, it is the answer to that question which could furnish the prohibited information. For an accused to be permitted to stand mute before such a question with the Court's sanction gives no cause for a jury to conclude that he has or has not been arrested before, or to draw any other inference therefrom harmful to defendant.

To hold here that the mere posing of the question constitutes error which is grounds for a mistrial would impose a penalty resulting from such an interrogation which is disproportionate to the results which might ordinarily be expected to flow from this action. Nevertheless, had not the Court vigilantly protected the defendant by ruling the question to be objectionable and had the defendant been compelled to answer reversible error could have occurred. We would then be required to determine the question of whether the error thus committed could be cured by instructions to the jury. Having concluded that the ruling of the Court which prohibited an answer to the question thereby avoided any error, no further question remains for our determination in connection with this bill of exceptions. It is, therefore, without merit.

Bill of Exceptions No. 4 involves an objection to a statement made by the State's attorney in closing argument in which he referred to the defendant as a "narcotic fiend".

Webster's Third New International Dictionary, Unabridged, defines "fiend" to mean, among other things, "a person who uses or consumes immoderate or excessive quantities".

As previously mentioned, defendant had been sentenced twice before for narcotic violations and, by his own admission, he had the habit of using eight capsules of heroin each day.

■ Reference to the defendant as a narcotic fiend under these circumstances, therefore, is not an undue appeal to prejudice and is a conclusion and inference warranted by the evidence. Articles 381, 382 of the Code of Criminal Procedure, LSA–R.S. 15:381, 382.

This bill is without merit.

The fifth and last bill of exceptions was reserved to the denial of a motion for a new trial. The motion specifies the bills of exceptions heretofore considered as grounds for the relief sought and asserts that the verdict is contrary to the law and the evidence. Having previously held these grounds of no avail to set aside the conviction and sentence, this bill presents nothing new for our consideration.

The conviction and sentence are affirmed.

HAMLIN, J., absent from the city.

135 So.2d 915