EDWARDS, Judge,
concurring.
I concur in the result reached by the majority, 441 So.2d 1272, but disagree with its conclusion that the trial court committed error in excluding from evidence the defendant’s taped statement.
Immediately after shooting the victim, at about 11:45 a.m., the defendant drove to the sheriff’s office to turn himself in. He met an off-duty deputy, Matthew Conley, at the elevator on the first floor and told him that he had just shot a man. Deputy Conley turned him over to the deputies then on duty, Francis and Nixon. Deputy Francis called in Chief Deputy Willie Johnson at about 2:00 p.m. At 2:42 p.m., nearly three hours after the first incriminating statement, the defendant gave a full taped statement to Chief Deputy Johnson and Deputy Francis.
Prior to trial, the State notified the defendant of its intention to introduce both statements. At trial, however, the State chose instead to use only the first statement given to Deputy Conley at the elevator.
Defense counsel attempted to introduce the taped statement over the State’s objection in order to take advantage of certain exculpatory statements which tended to rebut the State’s evidence that defendant had specific intent to kill or inflict great bodily harm, an essential element of second-degree murder under 14:30.1(1). The trial court sustained the State’s objection on the ground that the statement constituted inadmissible hearsay.
The majority classifies the taped statement as a confession, and concludes that it is automatically admissible into evidence as an exception to the hearsay rule. For several reasons I disagree.
First, I do not agree that the statement is a confession. The Louisiana Supreme Court has held that a statement amounts to a confession only when it contains an admission of facts necessarily implying all essential elements of the crime charged. Anything less is an admission, or inculpato-ry statement, acknowledging some fact or circumstance which only tends to establish ultimate guilt. See State v. Quimby, 419 So.2d 951 (La.1982); State v. Crittenden, 214 La. 81, 36 So.2d 645 (1948); State v. Picton, 51 La.Ann. 624, 628, 25 So. 375, 377 (1899) (“A confession is limited in its precise scope and meaning to the criminal act itself. It is not applied to acknowledgments of facts merely tending to establish guilt, since a damaging fact may be admitted without any intention to confess guilt.”).
Consequently, I believe that this statement is not a confession since it does not conclusively establish defendant’s specific intent. The statement is rather an admission, containing certain exculpatory statements. Besides, as a practical matter, it makes little sense for an accused maintaining his innocence of the crime charged, to introduce a confession which clearly establishes his guilt. That to me is not a defense, it is utter folly.
For obvious reasons, the State decided not to use the taped statement because the exculpatory statements might have allowed the jury to draw inferences unfavorable to its prosecution. For equally obvious reasons, the defendant wanted those statements in evidence so that the jury would draw inferences favorable to his defense.*
*743 The State is not bound to introduce either a confession or an inculpatory statement after it notifies the defendant of its intention to do so. State v. Guillory, 373 So.2d 133 (La.1979); State v. Smith, 339 So.2d 829 (La.1976). The defendant contends, however, that he has an independent right to introduce such statements, even though the State chooses not to, because such statements are exceptions to the hearsay rule.
The Louisiana Supreme Court has consistently held that a defendant may not introduce his pretrial self-serving exculpatory statement because he would be bringing his statement before the jury without subjecting himself to cross-examination. State v. McDonald, 387 So.2d 1116 (La.1980); State v. Guillory, 373 So.2d 133 (La.1979); State v. Mattio, 212 La. 284, 31 So.2d 801 (1947). The purpose behind the rule is to prevent the defendant from placing before the jury a false exculpatory statement while depriving the State of possibly the only effective means of exposing the falsehood by invoking his privilege against self-incrimination. Consequently, courts are unwilling to assign sufficient probative value to essentially self-serving statements to justify their admission as an exception to the hearsay rule.
The only instance under Louisiana law in which a defendant may benefit from his exculpatory statement is when they form a part of a confession or inculpatory statement which the State actually introduces at trial. Under LSA-R.S. 15:450, the State is required to introduce the entire confession or inculpatory statement, not just the damaging portion. However, that rule applies only when the exculpatory statement is made at the same time or has some connection with the confession or inculpatory statement so introduced. See State v. McDonald, 387 So.2d 1116 (La.1980); State v. Guillory, 373 So.2d 133 (La.1979); State v. Cardinale, 251 La. 827, 206 So.2d 510 (1968).
In the present case, the defendant made two incriminating statements, both tending to establish the fact that he shot the victim. The first he made to Deputy Conley; the second, nearly three hours later, to Chief Deputy Johnson and Deputy Francis. The exculpatory portion formed a part of the second statement which the State did not introduce at trial. The exculpatory statements were not connected with nor made at the same time as the first statement which the State did introduce. Thus, the defendant cannot invoke the advantage of the rule provided in R.S. 15:450.
For the foregoing reasons, I believe the statement constituted inadmissible hearsay. Since the trial court did not commit error in excluding it from evidence, I concur in the majority’s conclusion that defendant’s assignments of error nos. 4 and 5 lack merit.

 The defendant’s counsel argued in brief that the statement contains facts which, if believed, could have led a jury to return a verdict of manslaughter, an offense carrying a less serious penalty than second-degree murder.